[Cite as *State v. Casey*, 2014-Ohio-2586.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-10-090 |
| | : | O P I N I O N |
| - vs - | | 6/16/2014 |
| | : | |
| JOHN A. CASEY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 12 CRB 1244


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Ruschau & Lehman, Maria L. Rabold, 443 East Central Avenue, Miamisburg, Ohio 45342, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, John A. Casey, appeals his conviction in the Warren County Court for possession of marijuana and possession of marijuana drug paraphernalia. For the reasons detailed below, we reverse the decision of the trial court.

{¶ 2} On December 13, 2012, Officer Dustin Christian observed appellant operating his motor vehicle in Springboro, Ohio located in Warren County without a rear bumper and

with a dangling rear license plate. As a result, Officer Christian affected a traffic stop.

{¶ 3} Upon approaching appellant's vehicle, Officer Christian testified that he recognized the odor of an alcoholic beverage coming from the vehicle. As a result, Officer Christian suspected that appellant may be intoxicated and asked him to step outside of the vehicle and perform field sobriety tests. Appellant denied consuming any alcohol and consented to the field sobriety tests. However, following the completion of the field sobriety tests, Officer Christian concluded that appellant was not intoxicated. Officer Christian testified that, although he believed appellant had consumed alcohol that evening, he did not believe that appellant was intoxicated at that time and was "probably ok to drive."

{¶ 4} Following the field sobriety tests, and while appellant was still outside of his vehicle, Officer Christian asked appellant whether there was anything illegal in the vehicle, such as drugs or weapons. According to Officer Christian, after asking that question, appellant's demeanor suddenly changed. Officer Christian testified that appellant became very nervous, began shifting his gaze between the police cruiser and his vehicle, and also avoided making eye contact. Based upon this change in behavior, Officer Christian believed that appellant was in possession of some sort of illegal contraband and asked appellant for consent to search his vehicle. Appellant refused to give consent.

{¶ 5} Thereafter, Officer Christian called a canine unit to the scene and placed appellant in the back of the police cruiser while waiting for the canine unit to arrive. Officer Christian testified that he began writing the ticket for appellant's rear bumper and dangling rear license plate infractions. According to Officer Christian, approximately ten to 15 minutes after appellant was placed in the back of the police cruiser, the canine unit arrived. At that time, Officer Christian again asked appellant if there was any illegal contraband in the vehicle. However, this time appellant admitted that he had marijuana and a pipe in the vehicle's center console.

{¶ 6} Following appellant's statement, the canine unit was deployed, which alerted officers to the presence of marijuana in the vehicle. A search of the vehicle yielded a bag of suspected marijuana, a marijuana pipe, and a set of scales. Thereafter, appellant was issued three minor misdemeanor citations for possession of marijuana, possession of drug paraphernalia, and improper bumper height. Appellant was then permitted to drive home.

{¶ 7} On December 18, 2012, appellant moved to suppress all evidence obtained from the search of his vehicle, alleging a violation of his Fourth Amendment rights. On March 19, 2013, the trial court held a hearing on appellant's motion and heard testimony from Officer Christian. The trial court subsequently overruled appellant's motion to suppress.

{¶ 8} The matter proceeded to a bench trial where appellant was found guilty of the charges pertinent to this appeal: possession of marijuana in violation of R.C. 2925.11 and possession of marijuana drug paraphernalia in violation of R.C. 2925.141. The trial court sentenced appellant to a $100 fine on each count and suspended his license for six months. Appellant now appeals, raising three assignments of error for review:

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE STATE'S EVIDENCE WAS INSUFFICIENT TO SATISFY ITS BURDEN TO PROVE EACH AND EVERY ELEMENT OF THE CRIME BEYOND A REASONABLE DOUBT.

{¶ 13} Assignment of Error No.3:

{¶ 14} THE TRIAL COURT ABUSED ITS DISCRETION IN ITS CONVICTION OF DEFENDANT.

{¶ 15} In his first assignment of error, appellant argues the trial court erred by denying

- 3 -

his motion to suppress the marijuana and marijuana drug paraphernalia found in his vehicle. Appellant does not dispute that his initial stop for the rear bumper infraction was proper, nor does he dispute that Officer Christian was permitted to conduct field sobriety tests. Rather, appellant argues that Officer Christian did not have reasonable suspicion to extend the detention after appellant passed the field sobriety tests. We agree.

{¶ 16} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility." *State v. Harsh*, 12th Dist. Madison No. CA2013-07-025, 2014-Ohio-251, ¶ 9.

{¶ 17} When reviewing the denial of a motion to suppress, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 14. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Harsh* at ¶ 10.

{¶ 18} "The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures, including unreasonable automobile stops." *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, ¶ 11. When the police stop a vehicle based on probable cause that a traffic violation has occurred, the stop is reasonable under the Fourth Amendment. *Id.*; *State v. Thomas*, 12th Dist. Warren No. CA2012-10-096, 2013-Ohio-3411, ¶ 19. When a law enforcement officer stops a vehicle for a traffic violation, the officer may detain the motorist for a period of time sufficient to issue the motorist a citation and to perform routine procedures such as a

computer check on the motorist's driver's license, registration, and vehicle plates. *State v. Grenoble*, 12th Dist. Preble No. CA2010-09-011, 2011-Ohio-2343, ¶ 28.

{¶ 19} In *State v. Robinette*, 80 Ohio St.3d 234 (1997), the Ohio Supreme Court held:

> When a police officer's objective justification to continue detention of a person stopped for a traffic violation for the purpose of searching the person's vehicle is not related to the purpose of the original stop, and when that continued detention is not based on any articulable facts giving rise to a suspicion of some illegal activity justifying an extension of the detention, the continued detention to conduct a search constitutes an illegal seizure.

*Id.* at paragraph one of the syllabus.

{¶ 20} However, "if the circumstances give rise to a reasonable suspicion of some other illegal activity, different than that which triggered the stop, then the officer may detain the driver for as long as the new articulable reasonable suspicion exists." *State v. Elliott*, 7th Dist. Mahoning No. 11 MA 182, 2012-Ohio-3350, ¶ 18, citing *State v. Myers*, 63 Ohio App.3d 765, 771 (2d Dist.1990); *Grenoble* at ¶ 29. The existence of reasonable and articulable suspicion is determined by evaluating the totality of the circumstances "through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Popp*, 12th Dist. Butler No. CA2010-05-128, 2011-Ohio-791, ¶ 13; *see also State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶ 13.

{¶ 21} In the present case, it is undisputed that Officer Christian was permitted to affect a traffic stop after observing the absence of a rear bumper and dangling license plate in violation of R.C. 4513.021. It is also undisputed that Officer Christian was permitted to conduct field sobriety tests to determine whether there was probable cause that appellant was driving under the influence of alcohol in violation of R.C. 4511.19 after detecting an odor of alcohol coming from appellant's vehicle. Here, the parties dispute whether it was proper for Officer Christian to extend his investigation and continue appellant's detention, in order to

wait for the canine unit, after he had already concluded that appellant was not intoxicated and was "probably ok to drive."

{¶ 22} Both Ohio courts and the United States Supreme Court have determined that "the exterior sniff by a trained narcotics dog to detect the odor of drugs is not a search within the meaning of the Fourth Amendment to the Constitution." *Grenoble*, 2011-Ohio-2343 at ¶ 30; *United States v. Place*, 462 U.S. 696, 707, 103 S.Ct. 2637 (1983). An officer may conduct a canine sniff of a vehicle during the time required to effectuate a traffic stop, including the time it takes to write a traffic citation. *State v. Kelly*, 12th Dist. Butler No. CA2009-10-252, 2010-Ohio-3560, ¶ 25; *State v. McCullough*, 12th Dist. Fayette No. CA2013-07-021, 2014-Ohio-1696, ¶ 21; *Elliott* at ¶ 23. "If the officer conducts a canine sniff of the vehicle before the reasonable completion of the traffic stop procedures, the officer does not need additional suspicion of criminal activity to conduct the sniff." *Elliott* at ¶ 23, citing *State v. Winger*, 2d Dist. Darke No. 1688, 2007-Ohio-2605, ¶ 17. "However, if the officer extends the traffic stop in order to conduct a canine sniff, he must have reasonable suspicion that the vehicle contains drugs in order to detain the driver while a canine unit is brought to the scene." *Id.*

{¶ 23} In opposing appellant's motion to suppress, the state presented the testimony of Officer Christian who affected the traffic stop on appellant and conducted the field sobriety tests. On direct examination, Officer Christian testified that following the completion of the sobriety tests:

> A. I asked [appellant] if there was anything else illegal in the car such as drugs or weapons, something to that extent, at which point during this line of questioning [appellant] became very, very nervous. He stopped making any and all eye contact with me. He appeared to um, he kept looking back and forth towards the car, um, as if he had something in the car that maybe he shouldn't have. I call this a change in behavior. I know this from my experience and my training in criminal and drug interdiction training.

- 6 -

Q. So after you were able to observe this change in his behavior what did you do then?

A. I asked for a consent search of the vehicle. That's because we don't have a canine unit assigned to the City of Springboro. [Appellant], like I said, he was nervous, he said something to the extent, which I didn't understand, I couldn't understand if he was giving me consent to search [the] vehicle or if he was denying me consent to search his vehicle, so I had to ask him again. At which point he denied my consent, at which point I called for a canine unit to repond [sic] to my location from another jurisdiction.

Q. Now where is [appellant] physically at this time?

A. At this time, for my safety, because of his nervous behaviors and how he was acting, I believed that for my safety I needed to detain him in my police car in the back seat.

Q. All right, about how long did it take for the canine unit to come?

A. After conducting my field sobriety and um, requesting the canine, it took about ten to fifteen minutes for the canine to arrive on scene.

On cross-examination, Officer Christian further reiterated his reasons for continuing his investigation "I wasn't sure if he had a gun or he had drugs, but I believed that he had something illegal inside the car that he did not want me to find based on my training and experience." Furthermore, Officer Christian admitted that, prior to the search, he "didn't know what to expect until we found it."

{¶ 24} Based on our review, we conclude that Officer Christian did not have new articulable reasonable suspicion to continue appellant's detention following the completion of the field sobriety tests and therefore the trial court should have granted appellant's motion to suppress. Although Officer Christian's initial reasons for the traffic stop were lawful, i.e., for appellant's rear bumper in violation of R.C. 4513.021 and then to investigate whether appellant was driving while intoxicated in violation of R.C. 4511.19, "the initial lawfulness of a traffic stop will not support a 'fishing expedition' for evidence of a crime." *Elliott*, 2012-Ohio-3350 at ¶ 27.

- 7 -

{¶ 25} Here, Officer Christian's testimony clearly indicates that appellant's continued detention was not based on the amount of time needed to effectuate a traffic stop. Rather, the testimony presented at the suppression hearing indicates that appellant was detained following the completion of the field sobriety tests, so that Officer Christian could determine whether appellant had guns or drugs in the vehicle. In other words, Officer Christian's testimony makes clear that appellant's continued detention was not based on the original purpose of the traffic stop for the bumper violation under R.C. 4513.021 or to issue a citation for that infraction. Instead, appellant's continued detention was based on matters unrelated to the purpose of the original stop and constituted an extension of the traffic stop in order to conduct a canine sniff. Therefore, because Officer Christian continued appellant's detention based on suspicion of some other illegal activity, i.e., either gun or drug contraband in the vehicle, Officer Christian was required to show that the detention was based on a new articulable reasonable suspicion. *See Elliott* at ¶ 18, citing *State v. Myers*, 63 Ohio App.3d 765, 771 (2d Dist.1990); *Grenoble*, 2011-Ohio-2343 at ¶ 29; *Robinette*, 80 Ohio St.3d at 234.

{¶ 26} Based on the evidence produced at the suppression hearing, Officer Christian's only stated reason for extending his investigation to include a search for "guns or drugs" following appellant's successful completion of the field sobriety tests was based on his observations that appellant suddenly became very nervous and made furtive gestures after he asked appellant if there was any illegal contraband in the vehicle. This court has previously acknowledged that nervousness and furtive gestures "can be a factor to weigh in determining reasonable suspicion." *State v. Simmons*, 12th Dist. Butler No. CA2012-11-229, 2013-Ohio-5088, ¶ 17, citing *State v. Jennings*, 10th Dist. Franklin No. 12AP-179, 2013-Ohio-2736, ¶ 13. However, "[a]lthough nervousness has been considered in finding reasonable suspicion in conjunction with other factors * * * it is an unreliable indicator, especially in the context of a traffic stop." *United States v. Richardson*, 385 F.3d 625, 630 (6th Cir.2004)

(holding that nervousness on the part of the driver and passengers plus conflicting travel plans did not amount to reasonable suspicion).

{¶ 27} In this case, Officer Christian's basis for continuing appellant's detention was based on appellant's sudden nervousness, furtive glances between the vehicle and the police cruiser, and failure to make eye contact after being asked whether there was illegal contraband in the vehicle. However, Officer Christian failed to identify any articulable reasons, outside of appellant's sudden nervousness, to justify appellant's continued detention based on the presence of "guns or drugs." Instead, Officer Christian's testimony vaguely asserts that his belief was based on his "training and experience" and he continued his investigation because "[appellant's] behavior led me to believe that he had something illegal inside the vehicle that I needed to continue to investigate for my safety and the safety of the public."

{¶ 28} This is not a situation, like in *Simmons*, where the investigating police officer alleged sufficient facts, including an individual's nervous demeanor, to justify a finding of reasonable suspicion. *See, e.g., Simmons*, 2013-Ohio-5088 (finding that an officer had reasonable suspicion where, inter alia, defendant was in high crime area with frequent drug activity, defendant was observed "counting something" in his hand, defendant was very nervous, and the officer observed a clear plastic baggie in defendant's hand). Rather, the record reflects that Officer Christian's decision to extend the investigation was based solely on appellant's sudden nervous demeanor and change in behavior, even though Officer Christian admitted in his testimony "I wasn't sure if he had a gun or he had drugs, but I believed that he had something illegal inside the car" and "I didn't know what to expect until we found it." Such testimony, without anything else, indicates that Officer Christian was "fishing" for evidence of a crime. Accordingly, we find that the state did not show that appellant's continued detention was based on a new articulable reasonable suspicion.

{¶ 29} While the Fourth Amendment of the U.S. Constitution does not explicitly state that the violation of its provisions against unlawful search and seizure will result in suppression of the evidence obtained as a result of the violation, the U.S. Supreme Court held that the exclusion of evidence is an essential part of the Fourth Amendment. *Weeks v. United States*, 232 U.S. 383, 394, 34 S.Ct. 341 (1914), *Mapp v. Ohio*, 367 U.S. 643, 649, 81 S.Ct. 1684, (1961); *State v. Haas*, 3d Dist. Henry No. 7-10-15, 2012-Ohio-2362, ¶ 13; *Elliott*, 2012-Ohio-3350 at ¶ 29. "The exclusionary rule is a 'prudential doctrine' that was created by the United States Supreme Court to 'compel respect for the constitutional guaranty' expressed in the Fourth Amendment." *State v. Widmer*, 12th Dist. Warren No. CA2011-03-027, 2012-Ohio-4342, ¶ 55; *Elliott* at ¶ 29. The primary purpose of the exclusionary rule is to remove incentive from the police to violate the Fourth Amendment. *State v. Baughman*, 12th Dist. Warren Nos. CA2010-08-069, CA2010-08-070, 2011-Ohio-162, ¶ 29.

{¶ 30} Here, because Officer Christian's continued detention of appellant was unreasonable and not based on any articulable facts giving rise to a reasonable suspicion of illegal activity, the trial court should have granted appellant's motion to suppress the marijuana and marijuana drug paraphernalia. Accordingly, we find appellant's first assignment of error is well-taken.

{¶ 31} As noted above, appellant was convicted of possession of marijuana in violation of R.C. 2925.11 and possession of marijuana drug paraphernalia in violation of R.C. 2925.141. During trial, the state's sole witness was Officer Christian who testified that he seized the marijuana and marijuana drug paraphernalia from appellant's vehicle. Officer Christian testified that, based on his training and experience in detecting marijuana, the substance found in appellant's vehicle was marijuana and he had "no doubt" that the substance was marijuana. However, based on our reasoning set forth above, because the continued detention of appellant was not based on reasonable suspicion and the subsequent

search was therefore illegal, the evidence presented by Officer Christian concerning the marijuana and marijuana drug paraphernalia should have been suppressed by the trial court. In light of the above, appellant's convictions for possession of marijuana and possession of marijuana drug paraphernalia are hereby reversed.

{¶ 32} Based upon our decision to sustain appellant's first assignment of error, appellant's second and third assignments of error are rendered moot.

{¶ 33} Judgment reversed and the matter is remanded for further proceedings.

PIPER and M. POWELL, JJ., concur.