[Cite as *State v. Kremer*, 2016-Ohio-3399.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                              :

    Plaintiff-Appellee,                  :          CASE NO.   CA2015-11-101

                                             :               O P I N I O N
  - vs -                                                    6/13/2016

                                             :

JEMMA KATLYN KREMER,                       :

    Defendant-Appellant.                 :


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 2015 CR 30948


David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Jeffery E. Richards, 147 Miami Street, P.O. Box 536, Waynesville, Ohio 45068, for defendant-appellant


**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Jemma Kremer, appeals a decision of the Warren County Court of Common Pleas denying her motion to suppress.  For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2}   On the evening of April 12, 2015, Officer Holland was patrolling with his canine unit in a marked cruiser in Franklin, Ohio.  At approximately 6:30 p.m., Officer Holland

observed a vehicle pass by with a broken driver's side mirror and a piece of trim dangling from the vehicle. As a result, Officer Holland initiated a traffic stop.

{¶ 3} Upon approaching the vehicle, Officer Holland made contact with the driver of the vehicle who stated that he was driving on a suspended license. Officer Holland also learned that there was a warrant for the driver's arrest, and therefore the driver was arrested and placed in the back of the police cruiser.

{¶ 4} Appellant was the passenger in the vehicle and was known by Officer Holland as a heroin user. Following the driver's arrest, appellant was asked to exit the vehicle and stand in front of Officer Holland's cruiser where she would be visible on the cruiser camera. Approximately eight minutes after the initial traffic stop, Officer Holland deployed his canine unit. The canine unit alerted on the passenger side of the vehicle where appellant had been sitting.

{¶ 5} Officer Holland then asked appellant whether she had any belongings in the vehicle. Appellant stated that her purse was in the vehicle. Following a search, Officer Holland discovered a packet containing the drug Suboxone, for which appellant did not have a prescription.

{¶ 6} Appellant was indicted for possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony. Appellant moved to suppress the evidence found in her purse. An evidentiary hearing was held shortly thereafter. At the hearing, the state presented the testimony of Officer Holland and the cruiser cam video of the traffic stop. Following the hearing, the trial court denied appellant's motion to suppress. Thereafter, appellant pled no contest to the possession of drugs charge. Appellant now appeals, raising two assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN NOT SUPPRESSING THE RESULTS OF THE

- 2 -

SEARCH.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED IN NOT SUPPRESSING ANY EVIDENCE FOUND AS A RESULT OF THE ILLEGAL STOP OF THE VEHICLE.

{¶ 11} We will address appellant's assignments of error together. In both assignments, appellant argues the trial court erred by overruling her motion to suppress. We find no merit to appellant's arguments.

{¶ 12} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12. Acting as the trier of fact, the trial court is in the best position to resolve factual questions and evaluate witness credibility. *Id.* Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Oatis*, 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038, ¶ 10. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Cochran* at ¶ 12.

{¶ 13} "The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution prohibit unreasonable searches and seizures, including unreasonable automobile stops." *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563, ¶ 11.

{¶ 14} In the present case, the initial traffic stop was based upon a traffic violation. It is well-established that when police stop a vehicle based on probable cause that a traffic violation has occurred, the stop is reasonable under the Fourth Amendment. *Id.*; *State v. Thomas*, 12th Dist. Warren No. CA2012-10-096, 2013-Ohio-3411, ¶ 19. Pursuant to R.C.

4513.02 (A):

> No person shall drive or move, or cause or knowingly permit to be driven or moved, on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person.

{¶ 15} Officer Holland testified that he observed the vehicle and noticed the missing side mirror and piece of trim hanging loose on the vehicle. Officer Holland further testified that the condition of the vehicle posed a safety hazard to both the vehicle operator and the general public. The condition of the hanging trim was readily observable by reference to the cruiser cam video that was admitted during the suppression hearing. As Officer Holland testified, the hanging trim "was flapping, it was sticking out to my opinion a relatively concerning distance and I didn't want it to strike another motor vehicle and cause any damage." Accordingly, we find the record supports a finding that Officer Holland had probable cause to believe that a traffic violation had occurred and therefore the stop was not unreasonable.[1] As this court has previously noted, "even a de minimus traffic violation provides probable cause for a traffic stop." *State v. Willis*, 12th Dist. Butler No. CA2012-08-155, 2013-Ohio-2391, ¶ 22.

{¶ 16} As the initial traffic stop was valid, we must next determine whether the ensuing search was constitutionally valid. When a law enforcement officer stops a vehicle for a traffic violation, the officer may detain the motorist for a period of time sufficient to issue the motorist a citation and to perform routine procedures such as a computer check on the motorist's driver's license, registration, and vehicle plates. *State v. Grenoble*, 12th Dist. Preble No. CA2010-09-011, 2011-Ohio-2343, ¶ 28. Even when officers lack reasonable

---

1. Although appellant argues that only state highway patrol officers are permitted to stop vehicles for a violation of R.C. 4513.02, we note that the section referring to state highway patrol officers is contained in subsection (B) of that statute. Subsection (A) contains no such restriction and Officer Holland was permitted to effect the traffic stop.

- 4 -

suspicion of criminal activity, they may generally approach an individual and ask questions, ask to examine identification, and request consent to conduct searches. *State v. Oatis*, 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038, ¶ 11. Further, when a lawfully stopped vehicle contains passengers, law enforcement officers are permitted to detain those passengers for the duration of the lawful detention of the driver. *Id.* at ¶ 13. Additionally, officers are permitted to request identification from passengers and may order drivers and passengers to exit the vehicle. *Id.*; *State v. Gartrell*, 3d Dist. Marion No. 9-14-02, 2014-Ohio-5203, ¶ 56.

{¶ 17} Here, the record reflects that following the traffic stop, Officer Holland became aware of the fact that the driver of the vehicle had a suspended license and had a warrant for his arrest. As part of his investigation, Officer Holland also requested that appellant exit the vehicle. Less than ten minutes after the original stop, Officer Holland deployed the canine unit.[2]

{¶ 18} Although appellant claims that the deployment of the canine unit was a pretext because she was a known drug user, we find appellant's argument to be without consequence. A lawfully-detained vehicle may be subjected to a canine sniff of the vehicle's exterior even without the presence of a reasonable suspicion of drug-related activity. *State v. Cruz*, 12th Dist. Preble No. CA2013-10-008, 2014-Ohio-4280, ¶ 15. Both Ohio courts and the United States Supreme Court have determined that "the exterior sniff by a trained narcotics dog to detect the odor of drugs is not a search within the meaning of the Fourth Amendment to the Constitution." *State v. Casey*, 12th Dist. Warren No. CA2013-10-090, 2014-Ohio-2586, ¶ 22. Thus, a canine sniff of a vehicle may be conducted during the time period necessary to effectuate the original purpose of the stop. *Cruz* at ¶ 15. If a trained

---

2. We note that appellant's detention at the time of the canine sniff was not the functional equivalent of a formal arrest. *See State v. Williams*, 12th Dist. Clinton No. CA2009-08-014, 2010-Ohio-1523, ¶ 16.

narcotics dog "alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband." *Id.*

{¶ 19} The record in this case supports the trial court's decision to overrule appellant's motion to suppress. Both the initial traffic stop and the ensuing investigation, including the use of the canine unit, were supported by the testimony introduced at the suppression hearing. Therefore, we find appellant's two assignments of error are without merit and overruled.

{¶ 20} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.