[Cite as *State v. Neyhard*, 2022-Ohio-1098.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-A-0005 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| RICKIE L. NEYHARD, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00136 |

**O P I N I O N**

Decided: March 31, 2022
Judgment: Reversed and remanded

*Colleen M. O'Toole,* Ashtabula County Prosecutor, and *Shelley M. Pratt,* Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Phillip L. Heasley*, Ashtabula County Public Defender, Inc., 4817 State Road, Suite 202, Ashtabula, OH 44004 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Rickie Neyhard, appeals the October 30, 2020 and January 25, 2021 judgments of the Ashtabula County Court of Common Pleas overruling his motion to suppress and sentencing him to two years of intensive community control, respectively. For the reasons set forth herein, the judgments are reversed and remanded.

{¶2}    On the evening of February 22, 2020, Patrolman Daric Wise was monitoring an area suspected of drug activity when he saw a truck leaving a suspected drug house. Patrolman Wise followed the vehicle and noted it had an excessively loud exhaust and rolled through a stop sign. Accordingly, he initiated a traffic stop. The driver of the vehicle

was identified as Mr. Neyhard, who was borrowing the truck from a friend. Patrolman Wise called for backup and asked Mr. Neyhard if he had any illegal items in the vehicle, advising he had a K-9 partner with him that would be conducting a "free air sniff."

{¶3} When backup arrived a few minutes later, Patrolman Wise had his K-9 partner conduct the sniff of the air outside the vehicle. The dog alerted. Mr. Neyhard was asked to step out of the vehicle and the officers conducted a search of his vehicle. The search revealed two suspected marijuana cigarettes and a loaded pistol in a soft pistol holder underneath a hat and an empty backpack on the passenger's seat. Mr. Neyhard was cited for the failure to stop and loud exhaust and was informed that the prosecutor would be bringing charges related to the weapon.

{¶4} Mr. Neyhard was subsequently indicted on one count of Improperly Handling Firearms in a Motor Vehicle, in violation of R.C. 2923.16(B)(I), a felony of the fourth degree. Mr. Neyhard moved to suppress the evidence surrounding the weapon as obtained from an illegal search. The court denied his motion following a suppression hearing. Mr. Neyhard ultimately pleaded no contest and the court sentenced him to two years of intensive community control subject to several conditions. Mr. Neyhard now appeals, assigning one error for our review, which states:

{¶5} The trial court erred in overruling appellant's suppression motion.

{¶6} "An appellate court's review of a decision on a motion to suppress involves issues of both law and fact." *State v. Eggleston,* 11th Dist. Trumbull No. 2014-T-0068, 2015-Ohio-958, ¶18. As such, the appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Jones*, 11th Dist. Ashtabula No. 2001-A-0041, 2002-Ohio-6569, ¶16, citing *State v. Guysinger*, 86 Ohio

App.3d 592, 594 (4th Dist.1993). "Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard." *Jones, supra,* citing *State v. Curry,* 95 Ohio App.3d 93, 96 (8th Dist.1994).

**{¶7}** In the case at bar, it is undisputed that Patrolman Wise was justified in making the traffic initial stop and that after the patrolman's dog alerted, he had probable cause to search the vehicle. The issue Mr. Neyhard challenges on appeal is whether the officer was legally allowed to prolong the stop to conduct a free-air sniff.

**{¶8}** "The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures." *State v. Croff,* 11th Dist. Trumbull No. 2017-T-0005, 2017-Ohio-8629, ¶22, citing *Terry v. Ohio,* 392 U.S. 1 (1968). "A traffic stop by law enforcement is a seizure that must comply with the Fourth Amendment's reasonableness requirement." *Croff, supra,* at ¶24. "'While the Fourth Amendment * * * does not explicitly state that the violation of its provisions against unlawful search and seizure will result in suppression of the evidence obtained as a result of the violation, the U.S. Supreme Court held that the exclusion of evidence is an essential part of the Fourth Amendment.'" *Eggleston, supra,* at ¶17, quoting *State v. Casey,* 12th Dist. Warren No. CA2013-10-090, 2014-Ohio-2586, ¶29.

**{¶9}** "Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment * * * even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." *Dayton v. Erickson,* 76 Ohio St.3d 3 (1996), at syllabus. "If a vehicle has been lawfully

3

detained, the exterior sniff by a trained narcotics dog to detect the presence of illegal drugs does not constitute a search because it does not violate a reasonable expectation of privacy. *State v. Mateucci,* 11th Dist. Lake No. 2001-L-205, 2003-Ohio-702*, ¶34.

{¶10} Nevertheless, in general, an investigative stop may last no longer than necessary to accomplish the initial goal of the stop. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) ("Authority for the seizure * * * ends when tasks tied to the traffic infraction are—or reasonably should have been—completed."). The length of time for which an officer may delay a motorist stopped for a traffic violation is the period of time sufficient to issue a ticket or warning, including time to run a check on the driver's license, determine whether the driver has any outstanding warrants, and confirm the vehicle's registration and driver's proof of insurance. *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, ¶12; *see also Rodriguez, supra,* at 355. "[A] police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." Rodriguez, supra, at 350. "Once it is determined that a delay occurred for the sole purpose of conducting a K-9 'sniff,' the question is not whether the delay was undue, but whether the delay was supported by a reasonable, articulable suspicion of drug activity." *Eggleston, supra*, at ¶28. Mr. Neyhard maintains that there was no suspicion of drug activity on the part of appellant other than driving in a high-crime drug area, and thus the stop was illegally prolonged to conduct a K-9 sniff. We agree.

{¶11} The trial court determined that the search and seizure was not illegal because the time between the stop and the free air sniff was about 10 minutes, a reasonable amount of time, and therefore Mr. Neyhard's detention was not unlawfully prolonged. However, the trial court's determination incorrectly focused on the

4

reasonableness of the length of time between the initial stop and the canine alert. "'An investigative stop may last no longer than necessary to achieve the purpose of the stop. * * * For example, where the stop is based upon a reasonable suspicion that a motorist has committed a traffic violation, an officer may detain the motorist only long enough to issue a warning or citation.'" *Matteucci, supra,* at ¶29, quoting *State v. French*, 104 Ohio App.3d 740, 747 (12th Dist.1995). Regardless of how long the stop took altogether, the question remains whether the stop was in fact prolonged by any measure of time to conduct the free air sniff and if so, whether the officer had reasonable, articulable suspicion to do so. *Eggleston, supra,* at ¶28.

{¶12} The record shows that Patrolman Wise stopped Mr. Neyhard at a few seconds after 5:00 p.m. At 5:04 p.m., Patrolman Wise ran Mr. Neyhard's license through dispatch and called for backup, which arrived three minutes later. In denying the motion to suppress, the trial court expressly noted "[t]he video of the stop shows that Wise spent much of the time period from 5:00 to 5:07 PM waiting for dispatch to answer him." In the body camera video admitted into evidence, the Patrolman can be heard engaging in casual conversation with Mr. Neyhard. The free air sniff began at 5:10. The video and testimony do not affirmatively demonstrate that the officer was awaiting any information from dispatch necessary to finishing the tasks reasonably related to the purpose of the stop.

{¶13} Furthermore, no additional reasonable suspicion was developed until after the free air search. According to Patrolman Wise's testimony, Mr. Neyhard was not nervous or uncooperative. There was no odor emanating from the vehicle detectable by the Patrolman, nor excessive air fresheners. Nevertheless, Patrolman Wise delayed

5

writing the citation for the sole purpose of waiting for backup before conducting the free air sniff.

{¶14} We find that under the circumstances in this case, the officer unreasonably prolonged the stop to await backup before conducting a free air sniff and did so without the reasonable suspicion necessary to do so. Therefore, the evidence obtained as a result of the search should have been suppressed. Mr. Neyhard's sole assignment of error has merit.

{¶15} In light of the foregoing, the judgments of the Ashtabula County Court of Common Pleas are reversed and remanded for further proceedings consistent with this opinion.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

6