OPINION
{¶ 1} Richard Charles Palo, appeals from the judgment of the Ashtabula County Court, Eastern District, which found him guilty of two first degree misdemeanors — domestic violence, R.C.2919.25(A), and violation of a protection order, R.C.2919.27(A)(1). We affirm in part, reverse in part, and remand.
 {¶ 2} Appellant was charged with domestic violence and violation of a protection order following an altercation with his brother on July 15, 2002. Appellant pleaded not guilty to the charges and the trial court appointed counsel.
 {¶ 3} Appellant was held in jail from July 15 to July 16, when he was released on bond. Appellant moved to dismiss the charges on July 31, 2002. The trial court denied appellant's motion by entry filed August 7, 2002. A pretrial was held on August 19, 2002 and the matter was scheduled for jury trial beginning on August 28, 2002. On August 21, 2002, appellant's counsel filed a motion to withdraw, citing a conflict of interest. The trial court denied the motion by entry filed August 22, 2002. On August 22, 2002 appellant's counsel filed a motion for continuance, which the trial court granted the same day. On the same day, but after the trial court had granted the continuance, appellant filed a pro se pleading captioned "Motion for a Speedy Trial Notice Attorney is not Authorized to Waive Same." On August 26, 2002, the trial court issued notices for a "jury trial" to begin October 16, 2002. A status conference was scheduled for October 15, 2002. On August 26, 2002, appellant filed a pro se pleading captioned "Notice of Withdrawal of Unauthorized Motion for Continuance." Appellant filed a pro se motion to dismiss for lack of jurisdiction and a pro se motion to dismiss on speedy trial grounds on October 15, 2002. The trial court held a status conference on October 15, 2002. Following the status conference, the trial court put on a judgment entry stating the case was to be set for trial to the court as no jury demand had been filed, and denying appellant's motions to dismiss. The trial court also granted defense counsel's motion to withdraw but ordered defense counsel to be present in the courtroom should appellant need assistance.
 {¶ 4} The matter was tried to the court and appellant was found guilty of both charges. The trial court sentenced appellant to serve 180 days in jail on each charge with the sentences to be served concurrently and fined him $100 on each charge. Appellant filed a timely appeal from the trial court judgment raising three assignments of error:
 {¶ 5} "[1.] The trial court erred to the prejudice of defendant-appellant in denying him a jury trial when the total time defendant-appellant faced in incarceration on the charged offenses was over [six] months and as a matter of law the defendant-appellant was entitled to a jury trial without having to move for same violating defendant-appellant's 1, 5, 6, 7, 14th Amendment rights, Ohio Constitution, Art. I, Sec. 10, and Ohio Revised Code 2945.17, 2945.05."
 {¶ 6} "[2.] The trial court erred to the prejudice of defendant-appellant in overruling his motion for dismissal of charges for speedy trial violation, he being tried 100 or 103 days after arrest with no time charged to him on misdemeanor charges in violation [sic] Ohio and U.S. Constitution, 5, 6, 14th Amendment rights, Ohio Revised Code 2945.71, 2945.72."
 {¶ 7} "[3.] The trial court erred to the prejudice of defendant-appellant in forcing defendant-appellant to trial [pro se] when he did not demand to represent himself and did not make a knowing and intelligent waiver of counsel violating defendant-appellant's 6, 14th Amendment rights, U.S. Constitution, and the Ohio Constitution."
 {¶ 8} In his first assignment of error, appellant initially argues he was entitled to trial by jury without a demand because the aggregate sentence he faced was greater than six months. We disagree.
 {¶ 9} Crim.R. 23 provides in relevant part:
 {¶ 10} "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
 {¶ 11} Crim.R. 2 provides the following definitions:
 {¶ 12} "* * *
 {¶ 13} "(C) `Serious offense' means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months.
 {¶ 14} "(D) `Petty offense' means a misdemeanor other than serious offense."
 {¶ 15} In Lewis v. United States (1996), 518 U.S. 322, the United States Supreme Court stated:
 {¶ 16} "The Sixth Amendment reserves the jury trial right to defendants accused of serious crimes. * * * we determine whether an offense is serious by looking to the judgment of the legislature, primarily as expressed in the maximum authorized term of imprisonment. Here, by setting the maximum authorized prison term at six months, the Legislature categorized the offense * * * as petty. The fact that petitioner was charged with two counts of a petty offense does not revise the legislative judgment as to the gravity of that particular offense, nor does it transform the petty offense into a serious one, to which the jury trial right would apply." Id. at 327.
 {¶ 17} This reasoning applies to the instant case. While appellant had the right to trial by jury, R.C. 2945.17, restrictions, such as requiring the defendant to demand a jury trial when he is tried for a petty offense are constitutional.City of Mentor v. Giordano (1967), 9 Ohio St.2d 140, at paragraph one of the syllabus. Further, when determining whether an offense is "petty" or "serious" for purposes of Crim.R. 23, the test is whether the potential sentence for each offense charged is less than six months, not the amount of time a defendant faces if convicted of each charge and the sentences are served consecutively.
 {¶ 18} Appellant next argues the trial court erred in denying his demand for a jury trial. This argument has merit.
 {¶ 19} Crim.R. 23 requires the defendant to file a written jury demand in petty offense cases. The rule also states:
 {¶ 20} "Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."
 {¶ 21} In this case, appellant did not file a written demand for a jury trial until the morning of his trial. While normally such a demand would be time barred, for the following reasons, we hold appellant was not required to file a jury demand in this case.
 {¶ 22} At the first pretrial conference, August 19, 2002, the following exchange took place:
 {¶ 23} "[THE COURT]: There's a jury demand in; is there not?
 {¶ 24} "[DEFENSE COUNSEL]: I don't believe, not yet.
 {¶ 25} "THE COURT: Well, when we get one — that's what you want? You want a jury trial, don't you?
 {¶ 26} "[APPELLANT]: Yes, Your Honor.
 {¶ 27} "THE COURT: All right. You'll have your jury trial, * * *."
 {¶ 28} At the end of the pretrial the court stated, "All right. The matter will be scheduled for trial to jury."
 {¶ 29} The trial court then put on a judgment entry stating the case was to be set for a jury trial. On August 19, 2002 the trial court sent notices to the parties, including appellant, stating the matter was scheduled for jury trial on August 28, 2002. The prosecutor's office then proceeded to issue subpoenas for witness to attend the "jury trial." Following defense counsel's motion for continuance, the trial court sent out new notices stating the matter was set for jury trial on October 16, 2002.
 {¶ 30} At the status conference on October 15, 2002, the trial court discovered that no written jury demand had been filed and ordered a bench trial. Appellant, who at this time was proceeding pro se, objected and stated he wanted a jury trial. The court denied appellant's request.
 {¶ 31} The next morning, before the trial began, appellant filed a pro se demand for a jury trial. The trial court again denied appellant's demand.
 {¶ 32} While Crim.R. 23 requires a written jury demand in petty offense cases, here the trial court put on an order stating the matter was to be set for jury trial. The trial court then sent two notices to this effect. Appellant had the right to rely on the trial court's order. Further, the order was put on in response to appellant's oral representation at the August 19, 2002 pretrial that he wanted a jury trial. The trial court acknowledged this and stated, "All right, you'll have your jury trial." Thus, we conclude the trial court erred and denied appellant his right to a jury trial under the facts of this case. By so holding, we do not imply that an oral demand is sufficient under Crim.R. 23. We merely hold that a trial court is bound by its own order stating a matter will be set for jury trial, absent a proper waiver by the defendant. Here, there was no such waiver. Appellant's first assignment of error has merit.
 {¶ 33} In his second assignment of error, appellant argues he was tried beyond the ninety day speedy trial time for a first degree misdemeanor set forth in R.C. 2945.71(B)(2). We disagree.
 {¶ 34} Appellant was arrested on July 15, 2002. He was released from jail on July 16, 2002. Under the triple count provision of R.C. 2945.72(E), this one day in jail counts as three days toward the speedy trial time. Thus, appellant had to be brought to trial on or before October 11, 2002, unless the time was properly tolled. In this case it was.
 {¶ 35} Appellant filed a motion to dismiss on July 31, 2002. The trial court overruled appellant's motion on August 7, 2002. This seven-day period is not charged against the state. R.C.2945.72(E).
 {¶ 36} Appellant argues the motion for continuance filed by his counsel on August 22, 2002 was not proper, as he did not consent to the waiver of his speedy trial time. In State v.McBreen (1978), 54 Ohio St.2d 315, the Ohio Supreme Court held, "A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent." Id. at syllabus. In this case, appellant's counsel sought a continuance for reasons for reasons of trial preparation. Thus, the waiver of speedy trial time was proper.
 {¶ 37} Appellant's second assignment of error is without merit.
 {¶ 38} In his third assignment of error, appellant argues the trial court erred by "forcing" him to go to trial without counsel when he did not make a knowing and intelligent waiver of his right to counsel. We disagree.
 {¶ 39} A review of the record reveals the trial court gave appellant every opportunity to proceed to trial with counsel; however, appellant was unhappy with his appointed counsel and chose to represent himself. As the Ohio Supreme Court has stated:
 {¶ 40} "The right of an accused to select his own counsel is inherent only in those cases wherein such accused is employing the counsel himself. The right to have counsel assigned by the court does not impose a duty on the court to allow the accused to choose his own counsel; the selection is within the discretion of the court." Thurston v. Maxwell (1965), 3 Ohio St.2d 92, 93.
 {¶ 41} Here appellant had appointed counsel. While appellant was unhappy with his counsel, he had no right to counsel of his choosing.
 {¶ 42} Appellant's third assignment of error is without merit.
 {¶ 43} For the foregoing reasons, the judgment of the Ashtabula County Court, Eastern District, is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with this opinion.
O'Neill, J., O'Toole, J., concur.