[Cite as *State v. Jack*, 2016-Ohio-8424.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0057** |
| RANDOLPH H. JACK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 15 C 000117.

Judgment: Affirmed.


*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Gregory A. Price*, 159 South Main Street, Suite 910, Akron, OH 44308 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Randolph H. Jack, appeals from the February 5, 2016 judgment of the Geauga County Court of Common Pleas, following a bench trial, which found him guilty of two felonies and sentenced him to 30 months in prison. Appellant raises issues of speedy trial, suppression, manifest weight, and the imposition of maximum sentences. For the reasons that follow, we affirm the trial court's judgment of conviction.

**Statement of Facts**

{¶2} On June 2, 2015, Detective John Bilicic of the Geauga County Sheriff's Department was investigating whether appellant was unlawfully purchasing chemicals for the manufacture of drugs. He was informed by Lieutenant Pomnean of the Chester Township Police Department that appellant was also suspected of attempting to sell a 2014 Caterpillar Skid Steer that was reported stolen in Radford City, Virginia. The communication received from the Radford City Police Department included a picture of the skid steer, its model number (259B3), its serial number (YYZ0443765SSGPO14591), and stated there was reason to believe appellant had listed it for sale on craigslist.org.

{¶3} Bilicic contacted Detective Eric McClanahan of the Radford City Police Department and was informed the suspect had towed the skid steer from a worksite on a trailer behind a white pickup truck. The truck's lower half was a color other than white; the trailer had a Virginia registration sticker affixed to it and chrome lug nuts on only one wheel.

{¶4} Bilicic accessed the posting on craigslist.org, which listed the model number as 259B3 and the selling price as $31,000. Bilicic sent a text message to the number listed on the posting, expressing an interest in purchasing the skid steer. The seller responded he would only accept cash because he did not have a bank account. A meeting was arranged for 8:00 a.m. on June 3, 2015, in Auburn Township.

{¶5} At the meeting site, Bilicic observed appellant driving a white pickup truck with a different-colored lower half. Attached to the truck was a trailer that had chrome lug nuts on only one wheel. The trailer had a Virginia registration sticker, but Ohio

license plates. On the trailer was a 2014 Caterpillar Skid Steer, model number 259B3. Bilicic compared the serial number of the skid steer with the serial number provided by the Radford City Police Department, which he had written on his hand. The first eight digits and letters on his hand (YYZ04437), taken from the entire number provided by Radford City Police (<u>YYZ04437</u>765SSGPO14591), matched the last eight digits and letters affixed to the skid steer (CAT0259BP<u>YYZ04437</u>).

{¶6} Bilicic arrested appellant for Receiving Stolen Property. Based on the entire serial number provided from the piece of machinery, dispatch reported to Bilicic that the skid steer was not reported stolen. Almost immediately, Bilicic received confirmation from Caterpillar that the skid steer was, in fact, the one reported stolen and explained that both numbers were assigned to the machine for different purposes: one was the "serial number" and one was the "PIN."

{¶7} The truck, trailer, and skid steer were impounded. Detective Jeffrey Raymond of the Geauga County Sheriff's Office performed an inventory search of the truck and discovered methamphetamine behind the gas cap and bolt cutters under the hood. Bilicic received a search warrant from the Chardon Municipal Court authorizing him to search appellant's cell phone, which was seized incident to the arrest. The cell phone contained evidence of criminal activity regarding the stolen skid steer and a stolen boat.

**Procedural History**

{¶8} Appellant was arrested on June 3, 2015, and was arraigned in the Chardon Municipal Court. The matter was subsequently bound over to the Geauga County Court of Common Pleas. On July 14, 2015, appellant was indicted by the

3

Geauga County Grand Jury on six counts: (1) Receiving Stolen Property (the skid steer), a fourth-degree felony, in violation of R.C. 2913.51(A); (2) Aggravated Possession of Drugs, a fifth-degree felony, in violation of R.C. 2925.11(A) & (C)(1)(a); (3) Possessing Criminal Tools (the truck), a fifth-degree felony, in violation of R.C. 2923.24(A); (4) Grand Theft (the boat), a fourth-degree felony, in violation of R.C. 2913.02(A)(1); (5) Breaking and Entering, a fifth-degree felony, in violation of R.C. 2911.13(B); and (6) Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a third-degree felony, in violation of R.C. 2925.041(A).

{¶9} Appellant remained in jail in lieu of posting bond and was appointed a public defender. He filed various pro se motions, which the trial court overruled, including motions to remove his public defender, to readdress bond consideration, and to dismiss on the basis of a speedy trial violation. The public defender was subsequently granted leave to withdraw on September 22, 2015, due to a "complete breakdown in the attorney/client relationship." The trial court appointed new counsel to represent appellant on October 7, 2015, who then filed a motion to suppress evidence. The motion was overruled following a hearing.

{¶10} Appellant filed a waiver of jury trial. The state dismissed Count Five and Count Six (Breaking and Entering and Illegal Assembly or Possession), and the matter proceeded to trial before the bench on February 1, 2016. The state presented evidence and witness testimony; appellant presented neither.

{¶11} On February 2, 2016, the trial court issued its verdict, finding appellant guilty of Count One and Count Three (Receiving Stolen Property and Possessing Criminal Tools) and not guilty of Count Two and Count Four (Aggravated Possession of

4

Drugs and Grand Theft). Appellant was sentenced on February 5, 2016, to maximum, consecutive sentences: 18 months on Count One and 12 months on Count Two, for a total term of 30 months in prison.

{¶12} Appellant filed a timely notice of appeal and raises four assignments of error for our review.

**Motion to Dismiss**

{¶13} Appellant's first assignment of error states:

{¶14} "The trial court committed reversible error when it failed to protect Mr. Jack's speedy trial rights."

{¶15} Appellant argues the trial court committed reversible error when it failed to hold a hearing on his motion to dismiss, which was predicated on an alleged violation of his speedy trial rights. Appellee responds that appellant forfeited his speedy trial argument because it was never properly before the trial court.

{¶16} The Sixth Amendment to the United States Constitution and Article I, Section 10 of Ohio's Constitution guarantee a criminal defendant the right to a speedy trial. That right is implemented in Ohio by statutes imposing specific time limits. *See State v. Pachay*, 64 Ohio St.2d 218, 221 (1980). R.C. 2945.71(C)(2) and (E) require the state to bring a felony defendant to trial within 270 days of arrest or within 90 days if the accused is held in jail in lieu of bail solely on the pending charge. This time may be tolled under certain circumstances, as outlined in R.C. 2945.72.

{¶17} Appellant's argument is premised on his belief that he was required to be brought to trial within 90 days, absent tolling events, because he was being held in jail solely on the pending charge in this case. Whether this is an accurate assumption

5

cannot be determined from this record. It is possible appellant was also being held on a warrant for charges pending in Virginia where the theft occurred; if that was the case, appellant was required to be brought to trial within 270 days, not 90 days. As explained below, however, resolution of this assignment of error does not depend on the time limit that applied to appellant while he was held in jail in lieu of bond.

{¶18} This matter came before the trial court on July 30, 2015, for a scheduled pretrial. Appellant's public defender orally moved the court for a continuance of the pretrial on grounds that the state had filed its discovery response the day before, and counsel had not yet seen it. The trial court granted the motion to continue and thus extended the time period in which appellant was to be brought to trial, pursuant to R.C. 2945.72. Appellant orally moved the court, pro se, to remove the public defender as his trial counsel. The trial court overruled this motion.

{¶19} The pretrial conference was continued until August 20, 2015.

{¶20} On August 11, 2015, appellant filed a written motion to dismiss, pro se, for an alleged violation of his speedy trial rights. Appellant wrote: "At present rate of trial assignments, you will fall well out of my speedy trial/due process rights. Arrested June 3rd. Sept. 1st is 90 days with 7-10 days tolled against me for reasonable continuance for discovery. 48 days for a trial conference is not reasonable or agreeable with this defendant. State should be ready to proceed with trial."

{¶21} Appellant also filed other pro se motions: a written motion to remove his public defender and a written motion to readdress bond consideration. Appellant did not serve the prosecution with any of his pro se motions.

6

**{¶22}** On August 18, 2015, the trial court issued a judgment entry addressing appellant's pro se motions. The court first overruled appellant's motion to remove his public defender because his reasons "were insufficient and demonstrated a misunderstanding of the judicial process. Defendant presented no evidence that the relationship between him and the Public Defender prevented Defendant from receiving a full defense or a full trial." The court then stated it could not consider the motions to readdress bond consideration or to dismiss on speedy trial grounds because "Defendant cannot represent himself while he is being represented by counsel."

**{¶23}** We agree with the basis of the trial court's denial of the motion to dismiss. "A defendant has no right to a 'hybrid' form of representation wherein he is represented by counsel, but also acts simultaneously as his own counsel." *State v. Keenan*, 81 Ohio St.3d 133, 138 (1998), citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).

**{¶24}** The following month, however, appellant's public defender was granted leave to withdraw due to a "complete breakdown in the attorney/client relationship." Appellant did not renew his pro se motion to dismiss. New defense counsel was appointed to represent appellant and also did not allege a speedy trial violation at any time prior to trial. Therefore, there is nothing in the record for this court to review regarding speedy trial days and tolling events.

**{¶25}** The gist of appellant's argument on appeal, however, is that the trial court had an affirmative duty to protect appellant's speedy trial rights and that it did not do so. Appellant argues the trial court should have considered the speedy trial issue because appellant was dissatisfied with his public defender, did not agree with the public defender's decision to continue his pretrial, and his public defender was later

7

discharged due to a breakdown in communication. Appellant acknowledges there is not a record on the issue for this court to review and, therefore, requests a remand to the trial court for the purpose of holding a hearing and calculating appellant's speedy trial time to determine whether a violation occurred. Appellant also asks this court to "set up guidelines" for dealing with the situation where a defendant does not agree with trial counsel's decision to move for a continuance. We decline to "set up guidelines" and find no reversible error.

{¶26} It has already been established by the Ohio Supreme Court that "[a] defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation[,] and the defendant is bound by the waiver even though the waiver is executed without his consent." *State v. McBreen*, 54 Ohio St.2d 315 (1978), syllabus. This is true even where the defendant objects to a motion to continue filed by trial counsel and said counsel is subsequently granted leave to withdraw at the defendant's request. *See State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶33-36. This court has previously applied this precedent in *State v. Palo*, 11th Dist. Ashtabula No. 2002-A-0095, 2005-Ohio-6906, ¶36.

{¶27} Here, the prosecution did not turn over discovery until one day before the day set for the pretrial conference. Appellant's public defender therefore appeared in court and requested a continuance for the purpose of preparing for the pretrial conference. Pursuant to the precedent of this court and of the Ohio Supreme Court, granting the motion to continue over appellant's pro se objection did not violate appellant's speedy trial rights. *Id.*

8

**{¶28}** Moreover, appellant's failure to file a proper motion to dismiss at any time prior to trial prevents this court from considering the allegation of a statutory speedy trial violation on appeal. *See Taylor*, *supra*, at ¶37, citing *State v. Thompson*, 97 Ohio App.3d 183, 187 (1994). There may be a valid reason as to why counsel did not file a motion to dismiss and the trial court did not initiate any discussion of the issue, e.g., if appellant was being held on some other charge in addition to the charges in this case. Without a motion filed and considered by the trial court, there is simply nothing for this court to review in order to reach a conclusion that the trial court erred.

**{¶29}** Finally, we do not find that the length of time it took to bring appellant to trial was "presumptively prejudicial" under the United States Constitution. *See id.* at ¶39, citing *Doggett v. United States*, 505 U.S. 647, 651-652 (1992). The United States Supreme Court has set forth a balancing test that considers the following factors to determine whether trial delays are reasonable: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Taylor*, *supra*, at ¶38. Here, a tolling event occurred when the trial court granted the motion to continue the scheduled pretrial; several other tolling events took place after that, including a motion by counsel to withdraw and a motion to suppress. Appellant was brought to trial within eight months of his arrest, he never properly asserted his right to speedy trial, and he was not prejudiced by the eight-month delay.

**{¶30}** Appellant's first assignment of error is without merit.

**Motion to Suppress**

**{¶31}** Appellant's second assignment of error states:

9

**{¶32}** "The trial court committed reversible error when it failed to suppress evidence seized following an improper and unconstitutional arrest."

**{¶33}** Appellant asserts his motion to suppress should have been granted because no probable cause existed to support his warrantless arrest.

**{¶34}** "While the Fourth Amendment of the U.S. Constitution does not explicitly state that the violation of its provisions against unlawful search and seizure will result in suppression of the evidence obtained as a result of the violation, the U.S. Supreme Court held that the exclusion of evidence is an essential part of the Fourth Amendment." *State v. Casey*, 12th Dist. Warren No. CA2013-10-090, 2014-Ohio-2586, ¶29, citing *Weeks v. United States*, 232 U.S. 383, 394 (1914) and *Mapp v. Ohio*, 367 U.S. 643, 649 (1961). "The primary purpose of the exclusionary rule is to remove incentive from the police to violate the Fourth Amendment." *Id.* at ¶29, citing *State v. Baughman*, 192 Ohio App.3d 45, 2011-Ohio-162, ¶29 (12th Dist.).

**{¶35}** Unless an arresting officer has probable cause to make an arrest, a warrantless arrest is a constitutionally invalid seizure. *Katz v. United States*, 389 U.S. 347, 357 (1967); *State v. Timson*, 38 Ohio St.2d 122, 127 (1974). Probable cause exists when the arresting officer has "sufficient information derived from a reasonably trustworthy source to warrant a prudent man in believing that a felony has been committed and that it has been committed by the accused." *Timson*, *supra*, at paragraph one of the syllabus (citation omitted). In making this determination, the trial court will examine the totality of the facts and circumstances surrounding the arrest. *See State v. Miller*, 117 Ohio App.3d 750, 761 (1997) (citations omitted).

{¶36} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). On review, "an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these findings of facts as true, a reviewing court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard." *State v. Jones*, 11th Dist. Ashtabula No. 2001-A-0041, 2002-Ohio-6569, ¶16 (internal citations omitted).

{¶37} Appellant was arrested for Receiving Stolen Property in violation of R.C. 2913.51(A), which states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Appellant contends the police did not have probable cause to believe the skid steer was stolen at the time he was arrested. He therefore argues the arrest was unlawful, the search incident to the arrest was unlawful, and all evidence seized as a result should have been suppressed.

{¶38} After a hearing, the trial court overruled appellant's motion to suppress. It found the following:

> From the totality of the circumstances at the time of the arrest, it is this Court's determination that Detective Bilicic had sufficient probable cause to arrest Defendant Randolph Jack on June 3, 2015. The white pickup truck with a different colored lower section driven by Mr. Jack, the trailer wheel with chrome lug nuts, the Virginia registration sticker affixed to the trailer tongue, the match of eight numbers and digits on the skid steer identification tag, and Mr.

11

Jack's insistence on payment of $31,000 in cash combine to provide probable cause for the arrest of Mr. Jack.

**{¶39}** The trial court's factual findings are supported by competent, credible evidence admitted during the hearing on the motion to suppress. Therefore, accepting these facts as true, we agree that probable cause existed to support appellant's arrest for Receiving Stolen Property. The trial court did not err in overruling the motion.

**{¶40}** Appellant's second assignment of error is without merit.

**Judgment of Conviction**

**{¶41}** Appellant's third assignment of error states:

**{¶42}** "Mr. Jack's convictions for Receiving Stolen Property and Possessing Criminal Tools are against the manifest weight of the evidence."

**{¶43}** Appellant argues the trier of fact lost its way in finding him guilty of Receiving Stolen Property and Possessing Criminal Tools.

**{¶44}** In determining whether a verdict is against the manifest weight of the evidence, a reviewing court must consider the weight of the evidence, including the credibility of the witnesses and all reasonable inferences, to determine whether the trier of fact "'lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). In weighing the evidence submitted at a criminal trial, an appellate court must defer to the factual findings of the trier of fact regarding the weight to be given to the evidence and credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

12

**{¶45}** To convict appellant of Receiving Stolen Property, the prosecution was required to prove beyond a reasonable doubt that appellant did "receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." R.C. 2913.51(A).

**{¶46}** To convict appellant of Possessing Criminal Tools, the prosecution was required to prove beyond a reasonable doubt that appellant did "possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." R.C. 2923.24(A).

**{¶47}** In the statement of facts above, we have outlined the evidence presented at the bench trial. Appellant now asserts the following evidentiary "issues": (1) the truck he was driving on the day of his arrest in Ohio was not the same truck the police were looking for in Virginia; (2) the truck he was driving had not been reported stolen; (3) the trailer had not been reported stolen; (4) the skid steer had not been reported stolen; (5) the serial numbers reported to Radford City Police Department and the serial numbers of the seized skid steer were not the same.

**{¶48}** Appellant's first three assertions are irrelevant to the charges of which he was convicted; the fourth is false; the fifth is misleading and was a matter of dispute explained at trial. Upon review, we find that the trier of fact did not lose its way or create a manifest miscarriage of justice by finding appellant guilty of Receiving Stolen Property and Possessing Criminal Tools. The convictions are supported by the manifest weight of the evidence.

**{¶49}** Appellant's third assignment of error is without merit.

**Sentencing Hearing**

{¶50} Appellant's fourth assignment of error states:

{¶51} "Mr. Jack's consecutive, maximum sentences are clearly and convincingly contrary to law."

{¶52} Appellant asserts his sentence is clearly and convincingly contrary to law because the trial court failed to properly weigh the seriousness and recidivism factors outlined in R.C. 2929.12 when it sentenced him to consecutive, maximum sentences.

{¶53} R.C. 2953.08(G)(2) sets forth the standard of review for all Ohio felony sentencing appeals and states, in pertinent part, that the "appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * (b) that the sentence is otherwise contrary to law."

{¶54} A felony sentence is contrary to law if the trial court does not consider the seriousness and recidivism factors found in R.C. 2929.12. The trial court, however, "is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'" *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Further, the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

14

{¶55} Appellant contends that in imposing maximum sentences, the trial court failed to consider that "there was negligible harm done, he was not in a position of trust that facilitated the crime, he was not hired to commit the crime and it was clearly not race or gender based." It was noted on the record that since 1988, appellant has been in prison three times: for six months, over ten years, and then nearly six years. When not in prison, he has committed many other crimes for which he was convicted in multiple counties. In total, the state listed approximately five misdemeanor and fifteen felony convictions of both violent and non-violent type offenses. Appellant also has criminal charges pending in the state of Virginia. The trial court therefore found that appellant's extensive criminal history and the danger he poses to society justified imposing maximum sentences.

{¶56} Finally, in its judgment of conviction, the trial court stated that it considered "the purposes and principles of sentencing (R.C. 2929.11) and the sentencing factors [seriousness and recidivism (R.C. 2929.12)]" before imposing its sentence. "This suggests the trial court did, in fact, consider the requisite statutory factors." *State v. Goodnight*, 11th Dist. Lake No. 2008-L-029, 2009-Ohio-2951, ¶17, citing *State v. Kearns*, 11th Dist. Lake No. 2007-L-047, 2007-Ohio-7117, ¶10. The trial court also made the requisite findings, pursuant to R.C. 2929.14(C)(4), to order consecutive sentences. It stated the following in its judgment entry:

> Pursuant to R.C. 2929.14(C)(4), the Court finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that pursuant to R.C. 2929.14(C)(4)(c), the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

15

The reasons supporting these findings are discernible in the record, as outlined above. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶28-29.

**{¶57}** Based on the foregoing, we hold that the sentence entered by the trial court is not contrary to law.

**{¶58}** Appellant's fourth assignment of error is without merit.

**{¶59}** The judgment of the Geauga County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.