[Cite as *State v. Weaver*, 2020-Ohio-1558.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0078** |
| DAVID J. WEAVER a.k.a. DAVID JOHN WEAVER, | : | |
| | : | |
| Defendant-Appellant. | | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2019 CR 00172.

Judgment: Affirmed.


*Cecilia M. Cooper*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michael A. Hiener*, P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, David J. Weaver a.k.a. David John Weaver ("Weaver"), appeals a judgment in the Ashtabula County Court of Common Pleas, following a jury trial, sentencing him to a total term of 1 year in prison for one count of possession of cocaine and one count of illegal use or possession of drug paraphernalia. We affirm the trial court's judgment.

{¶2} On June 5, 2019, Weaver was indicted on one count of possession of cocaine, a fifth-degree felony in violation of R.C. 2925.11(A)(C)(4)(a), and one count of illegal use or possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1)(F)(1). Weaver was also indicted on two other counts, which were dismissed through an oral motion by the state.

{¶3} Weaver remained in jail following his arrest on the indictment and was appointed counsel. Requests for a transcript, a bill of particulars, and discovery were filed on June 25, 2019, and the trial court ordered Weaver to be provided a transcript of the preliminary hearing on June 27, 2019. The state provided discovery and a bill of particulars on July 3, 2019.

{¶4} On July 8, 2019, Weaver's counsel filed a motion to withdraw due to a conflict with a co-defendant, which was granted on July 17, 2019. New trial counsel was appointed, and additional motions for discovery and a bill of particulars were filed by Weaver's new counsel on August 1, 2019. The state of Ohio responded on August 5, 2019. On August 29, 2019, Weaver filed a motion to appear in civilian clothing, which was granted on September 5, 2019.

{¶5} A jury trial was held beginning on September 16, 2019, and Weaver was ultimately found guilty of both counts. He was sentenced to a 12-month prison term for possession of cocaine and a 30-day term for illegal use or possession of drug paraphernalia, which were ordered to be served concurrently for a total prison term of 12 months.

{¶6} Weaver filed a timely notice of appeal and raises three assignments of error. He has not challenged the evidence or his sentence on appeal.

2

{¶7} Weaver's first assignment of error states:

THE TRIAL COURT ERRED WHEN IT DID NOT ADDRESS AND RULE ON THE MOTION FOR DISMISSAL BASED UPON SPEEDY TRIAL ISSUES DURING AN IN CHAMBERS CONFERENCE.

{¶8} The United States Constitution, through the Sixth and Fourteenth Amendments, guarantees a criminal defendant the right to a speedy trial by the state. *State v. O'Brien*, 34 Ohio St.3d 7, 8 (1987), quoting *State v. Ladd*, 56 Ohio St.2d 197, 200 (1978), citing *Klopfer v. North Carolina*, 386 U.S. 213 (1967). Section 10, Article 1 of the Ohio Constitution also guarantees that right. *Id.*

{¶9} The Ohio General Assembly codified these constitutional provisions in R.C. 2945.71. *Id.* For a misdemeanor of the fourth degree, the accused must be brought to trial within 45 days after the person's arrest or the service of summons under R.C. 2945.71(B)(1). For a felony, the accused must be brought to trial within 270 days under or within 90 days if the accused is held in jail in lieu of bail solely on the pending charge. R.C. 2945.71(C)(2)&(E). When multiple charges that arose out of the same transaction are pending against the defendant, the defendant will be brought to trial "on all of the charges within the time period required for the highest degree of offense charged[.]" R.C. 2945.71(D). This time may be tolled under certain circumstances, as outlined in R.C. 2945.72.

{¶10} Weaver's argument is that he was required to be brought to trial within 90 days, absent tolling events, because he was being held in jail solely on the pending charges in this case. The record does not support that contention.

{¶11} There was never a formal motion to dismiss for violation of appellant's speedy trial rights. However, the court and counsel for both Weaver and the

3

prosecution had discussions held in chambers prior to trial regarding the speedy trial issue, after Weaver had apparently insisted that counsel bring the issue to the court's attention. In that discussion, it was pointed out that there was a holder on Weaver from the state of Kentucky, and reference made to a jail sentence Weaver served between March 3, 2019, and August 30, 2019. In addition, at sentencing, Weaver declined the opportunity for a presentence report, but defense counsel made the following statement: "* * * I know the Court is aware that he has a holder out of Kentucky for a prior case * * *." As a result, it is clear Weaver was not being held solely on the pending charge. Therefore, it was required that Weaver be brought to trial within 270 days, which he was.

{¶12} As noted, Weaver did not file a motion to dismiss for violation of his speedy trial rights or otherwise object on speedy trial grounds in the trial court. Therefore, we are unable to review the speedy trial rights issue on appeal. *See State v. Jack*, 11th Dist. Geauga No. 2016-G-0057, 2016-Ohio-8424, ¶28, *reopened on other grounds*, citing *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, ¶37 (citation omitted) ("[A]ppellant's failure to file a proper motion to dismiss at any time prior to trial prevents this court from considering the allegation of a statutory speedy trial violation on appeal. * * * Without a motion filed and considered by the trial court, there is simply nothing for this court to review in order to reach a conclusion that the trial court erred.").

{¶13} Weaver's first assignment of error is without merit.

{¶14} Weaver's second assignment of error states:

APPELLANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

4

{¶15} In order to prevail on an ineffective assistance of counsel claim on direct appeal, an appellant must demonstrate from the record that trial counsel's performance fell "below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus (adopting the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)). "'[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Id.* at 143, quoting *Strickland, supra*, at 697.

{¶16} There is a general presumption that trial counsel's conduct is within the broad range of professional assistance. *Id.* at 142. Debatable trial tactics generally do not constitute deficient performance. *State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). In order to show prejudice, the appellant must demonstrate a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Bradley, supra*, at paragraph three of the syllabus.

{¶17} Furthermore, trial counsel's decision not to pursue every possible trial tactic for strategical reasons does not deprive a defendant of effective assistance of counsel. *State v. Brown*, 38 Ohio St.3d 305, 319 (1988) (citation omitted). "[A] defendant has no constitutional right to determine trial tactics and strategy of counsel." *State v. Donkers*, 11th Dist. Portage Nos. 2003-P-0135 & 2003-P-0136, 2007-Ohio-1557, ¶183, citing *State v. Cowans*, 87 Ohio St.3d 68, 72 (1999) and *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶150. "Rather, decisions about viable defenses are the exclusive domain of defense counsel after consulting with the defendant." *Id.*

{¶18} Weaver alleges his trial counsel was deficient due to a failure to file a motion challenging the violation of his speedy trial rights as discussed above. Counsel discussed the issue with the trial court on the record in chambers and stated that his legal inquiry, as encouraged by Weaver, led to the conclusion that a challenge to the violation of speedy trial rights was not warranted. As such, he did not file a motion on that basis.

{¶19} There may have been valid reasons why counsel did not file a motion to dismiss on the speedy trial rights issue. It appears from this record Weaver was not being held solely on the charges pending in this case. Counsel was aware of this, as he noted at the sentencing hearing, and thus would have been aware there was no speedy trial violation. Counsel clearly considered the speedy trial issue, and after assessing what he knew of the computation, he determined a speedy trial rights challenge would have been unsuccessful. There is nothing in this record to establish he was incorrect in this assessment. Weaver has not demonstrated that his trial counsel was ineffective.

{¶20} Weaver's second assignment of error is without merit.

{¶21} Weaver's third assignment of error states:

> THE TRIAL COURT ERRED WHEN IT FAILED TO INVESTIGATE POSSIBLE JUROR BIAS.

{¶22} In *Remmer v. United States*, 347 U.S. 227 (1954), the United States Supreme Court held that a trial court confronted with an allegation of external tampering or contact with a juror during trial about a matter pending before the jury "should determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate." *Id.* at 230. However, it has also been stated by the Ohio Supreme Court that "not all

6

communications with jurors warrant a hearing for a determination of potential bias." *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, ¶275, quoting *White v. Smith*, 984 F.2d 163, 166 (6th Cir.1993). In *Ford*, the Ohio Supreme Court held that "[a]n allegation of an unauthorized communication with a juror requires a *Remmer* hearing only when the alleged contact presents a likelihood of affecting the verdict." *Id.*, citing *United States v. Frost*, 125 F.3d 346, 377 (6th Cir.1997). "Speculation and unsubstantiated allegations do not present a colorable claim of outside influence of a juror." *United States v. Wintermute*, 443 F.3d 993, 1003 (8th Cir.2006).

{¶23} Weaver argues that the jury foreman "may not have been truthful during voir dire" regarding his former employment, friendships with police officers, and the bias this may have created. Weaver claims that this possible personal bias, in turn, may have caused prejudicial influence on the jury.

{¶24} The following discussion regarding the suspected juror bias occurred on the record between Weaver's counsel and the court during the sentencing hearing:

> [THE COURT]: Anything additional you wish to present on behalf of Mr. Weaver before I impose sentence?
>
> [COUNSEL FOR WEAVER]: Your Honor, we had talked in chamber briefly and there was [sic] a few things that I wanted to put on the record. One of them was we had had a discussion where I had mentioned to the Court some information that I received about the foreman of the jury. I just want to put that on the record, if I may, Your Honor?
>
> [THE COURT]: Alright. Go ahead.
>
> [COUNSEL FOR WEAVER]: It came to attention after the close of the trial when the jury had been released that the foreman of the jury was a retired police officer. He had stated on his jury questionnaire that he was a security officer at Progressive. He had stated also on there that he had never testified in court, and that he had no friends who were police officers. I do have some questions

about that as the jury foreman, and in talking to the other jurors, that I had – the other juror that I talked to, he was, it was a split jury but he was one that was really pushing for the, pushing for the conviction. I just find it hard to believe that a retired police officer had never testified in court and had no friends who are police officers. * * * Obviously I didn't talk to him myself. I have no way of knowing for a certainty of whether or not he ever testified in court, and I have no way of knowing for a certainty whether or not he has friends who are police officers. But I did find that difficult to believe, and I wanted to bring that to the Court's attention and put that on the record * * *.

{¶25} We hold that, analogous to the unauthorized communication analysis in *Remmer*, *Ford*, and *Wintermute*, the trial court did not err by failing to conduct a hearing on juror partiality because Weaver presented no basis to the trial court upon which to believe the jury foreman had introduced an "outside influence" into the proceedings. The accusations advanced by Weaver's counsel—regarding the jury foreman's former profession, whether he has given testimony in court, or whether he has friends who are police officers—are purely speculative and unsupported by anything contained in the record. Further, no evidence of bias was presented to the trial court prior to sentencing. The statements made by Weaver's counsel alone do not give rise to the standard for conducting a hearing into juror partiality. Therefore, the trial court did not err in declining to conduct a hearing pursuant to *Remmer*.

{¶26} Weaver's third assignment of error is without merit.

{¶27} The judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

8