[Cite as *State v. Lee*, 2023-Ohio-3900.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230081 |
| | | TRIAL NO. 22CRB-17366 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| FLOYD LEE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:   Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: October 27, 2023

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Danielle Ferris*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} Defendant-appellant Floyd Lee appeals from the trial court's judgment convicting him, following a jury trial, of sexual imposition in violation of R.C. 2907.06(A)(1). In two assignments of error, Lee argues that he did not invoke his right to a jury trial and that his conviction was against the manifest weight of the evidence. We hold that because Lee both acquiesced in a jury trial and did not object below, Lee has waived his ability to challenge the validity of his jury demand. Further, we hold that Lee has not demonstrated that the jury lost its way and created a manifest miscarriage of justice. Accordingly, we overrule Lee's assignments of error and affirm the judgment of the trial court.

### *Factual and Procedural Background*

{¶2} The charge against Lee relates to an incident that occurred in the kitchen of the Hamilton County Justice Center on October 2, 2022. Lee, an inmate, and J.C., a contract employee, were working together in the kitchen on that date. J.C. alleged that Lee touched her inappropriately while they were in the storeroom of the kitchen.

{¶3} A few days later, Lee was charged with sexual imposition under R.C. 2907.06(A)(1). At a pretrial hearing, Lee's counsel informed the trial court that Lee would request a jury trial. Later, at a bond hearing, Lee's counsel stated, "I believe we have a jury demand in, so I guess it's a jury trial." And at a second pretrial hearing, Lee's counsel accidentally requested a bench trial, but he immediately corrected himself and requested a jury trial when the trial court asked for clarification.

{¶4} In four separate entries, the trial court noted that Lee's case was set for a jury trial. Additionally, prior to trial, Lee filed a motion in limine in which he argued

2

that reference to certain evidence during trial would "taint the jury." Though Lee never made a written demand for a jury trial, a jury was impaneled, and the trial began on January 30, 2023.

{¶5} At trial, J.C. testified. She testified that she was a contract employee with Aramark, a food services company, and that she was working with Lee inside the Hamilton County Justice Center on the date of the incident. She testified that Lee was an inmate assigned to work in the kitchen. She further testified that while she was working with Lee on the date of the incident, they both walked into a storeroom to pull food for meal preparation. She testified that while she was bent over a bin, Lee came up behind her and pressed his erection against her buttocks. She testified that she then ran out of the storeroom to the control booth for assistance.

{¶6} Officer Brandon Sturgeon, Lieutenant Kelly Timon, and Detective Kevin Illing also testified and corroborated J.C.'s testimony. All three testified that J.C. was crying and appeared extremely distraught on the date of the incident. Illing further testified that he interviewed Lee. Illing testified that Lee maintained he accidentally touched the victim with his leg. Illing also testified that when he interviewed J.C., she was very descriptive in explaining what happened with Lee.

{¶7} A video of the scene in the kitchen on that date was played at trial. The video showed Lee and J.C. entering a storeroom and walking out after about 90 seconds. The video did not show what happened inside the storeroom. In the video, J.C. is seen hastily exiting from the storeroom first, with Lee slowly following her outside. Additionally, a jail call of Lee's conversation with his mother was played at trial. In the call, Lee stated that J.C. lied, that another individual had inappropriately

touched J.C., and that he was merely covering for that individual. The video did not depict any other person entering or exiting from the storeroom.

**{¶8}** At the close of evidence, Lee moved for an acquittal under Crim.R. 29, which the trial court denied. The jury found Lee guilty of sexual imposition, and the trial court sentenced Lee to a jail term of 60 days.

**{¶9}** Lee now appeals.

### *Jury Demand*

**{¶10}** In his first assignment of error, Lee argues that he did not invoke his right to a jury trial as required by Crim.R. 23 and that the jury therefore tried his case without jurisdiction.

**{¶11}** In *State v. White*, we explained the requirements of requesting a jury trial for a petty offense:

> Crim.R. 23(A) provides, 'in petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later.'
>
> R.C. 2945.17 provides that a defendant has the right to a jury trial for violating any statute of this state, or any ordinance of any municipal corporation, except for violations that are minor misdemeanors, do not include the possibility of a prison or jail term, or carry a possible fine not exceeding $1,000. The Sixth Amendment to the United States Constitution guarantees an accused the right to a jury trial. And

4

under Section 5, Article I of the Ohio Constitution, a defendant's right to a trial by jury is inviolate.

In a petty-offense case, once the defendant properly demands a jury trial under Crim.R. 23, the defendant may waive the right to a jury trial only in writing, signed by the defendant, filed as part of the record, and made in open court. When a trial court conducts a bench trial following a valid jury demand, we review the proceedings to determine if the court strictly complied with the statutory requirements under R.C. 2945.05.

Without strict compliance with R.C. 2945.05's requirements, a jury trial demand strips the trial court of its jurisdiction to conduct a bench trial.

(Citations omitted.) *State v. White*, 1st Dist. Hamilton No. C-210200, 2021-Ohio-4076, ¶ 6-9.

{¶12} Lee contends that because he orally demanded a jury trial and did not submit a written demand as required by Crim.R. 23, he did not invoke his right to a jury trial and therefore had a right to a bench trial. He asserts the jury tried his case without jurisdiction.

{¶13} But Lee's jurisdictional challenge is really a challenge to the sufficiency of his own Crim.R. 23 jury trial demand and not a dispute as to the trial court's subject matter jurisdiction or legal authority to preside over his case. And this distinction makes a difference here. True jurisdictional challenges can be raised for the first time on appeal. *See State v. McClanahan*, 1st Dist. Hamilton No. C-190688, 2021-Ohio-2652, ¶ 7. But appellate courts do not consider errors which the complaining party

5

could have called to the trial court's attention at a time when such an error could have been avoided or corrected, but did not. *See, e.g., State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81, 679 N.E.2d 706 (1997); *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 10.

**{¶14}** Lee did not argue against setting the matter for a jury trial or raise any issue below challenging the validity of his jury demand. To the contrary, Lee repeatedly represented to the court that he wished to proceed with a jury trial. On three separate occasions, his counsel maintained that he would like to be tried by a jury. In fact, even when it appeared that his counsel may have requested a bench trial, he corrected himself and asserted that Lee wanted a jury trial. Further, in his motion in limine, Lee argued the jury would be tainted by reference to certain evidence. Thus, by both seeking a jury trial and acquiescing in it, he has waived this issue for review.

**{¶15}** But even if we review Lee's argument on the merits, it still fails. Here, Lee was charged with a petty offense. *See State v. Veite*, 1st Dist. Hamilton No. C-90339, 2021-Ohio-290, ¶ 12. As such, under Crim.R. 23(A), he did not have an absolute right to a jury trial. Rather, he was required to timely file a written jury demand to invoke his right to a jury trial. Trial courts, however, can also create a reliance interest in a jury trial in the absence of a valid Crim.R. 23 jury demand.

**{¶16}** "[A] trial court is bound by its own order stating a matter will be set for a jury trial, absent a proper waiver by the defendant." *State v. Palo*, 11th Dist. Ashtabula No. 2002-A-0095, 2005-Ohio-6906, ¶ 32. In *State v. Collier*, the court held that because the defendant clearly disavowed a request for a jury trial, the trial court did not err in conducting a bench trial. *State v. Collier*, 2d Dist. Clark Nos. 2006 CA 102 and 2006 CA 104, 2007-Ohio-6349, ¶ 45. Though the trial court had put on

6

numerous entries that stated the defendant's case was set for a jury trial, neither the defendant nor his counsel made an oral request for a jury trial on the record. *Id.* at ¶ 13. Further, on the day of the trial when a jury was waiting to hear his case, the defendant stated on the record that he did not want a jury trial and that he never requested one. *Id.* at ¶ 25-26. Thus, the court held that the defendant had essentially requested a bench trial and the trial court properly acquiesced to his decision. *Id.* at ¶ 45.

{¶17} Likewise, Lee maintained throughout pretrial proceedings that he wanted a jury trial. The trial court consequently noted in multiple entries that his case was set for a jury trial. Because a court speaks through its entries, the numerous entries setting the matter for a jury trial gave Lee notice of that method of resolution, so that he could proceed with a bench trial instead if that was what he preferred.

{¶18} Lee, however, orally represented to the court that he wanted a jury trial and this representation was also reflected in his written motion in limine. Therefore, given Lee's representation to the trial court that he wanted a jury trial and the trial court's entries honoring this representation, the trial court properly tried Lee's case to a jury under the limited circumstances of this case. Accordingly, we overrule Lee's first assignment of error.

### *Manifest Weight*

{¶19} When reviewing a challenge to the manifest weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 388, 678 N.E.2d 541 (1997). Unlike our review of a sufficiency challenge, our review of a manifest-weight challenge requires us to independently "review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of

fact clearly lost its way and created a manifest miscarriage of justice." *State v. Powell*, 1st Dist. Hamilton No. C-190508, 2020-Ohio-4283, ¶ 16, citing *Thompkins* at 397. However, we will reverse the trial court's decision to convict and grant a new trial only in "exceptional cases in which the evidence weighs heavily against the conviction." (Internal quotation marks omitted.) *State v. Sipple*, 1st Dist. Hamilton No. C-190462, 2021-Ohio-1319, ¶ 7.

**{¶20}** Lee argues there were discrepancies in the testimony of J.C. and the officers and that these discrepancies undercut J.C.'s credibility. Specifically, Lee argues that J.C. could not definitively testify as to the length of time of the incident. Lee further argues that none of the officers saw Lee with an erection after the incident.

**{¶21}** Though J.C. wavered slightly in recounting the exact length of time of the incident, the rest of her testimony was corroborated by the video from the kitchen and the testimony of the officers. She was only inside the storeroom with Lee for about 90 seconds, and she can be seen hastily leaving before him. The officers did not testify that they saw Lee with an erection, but they also testified that they were either preoccupied in calming down J.C. or that a significant period of time passed before they could pay attention to Lee's physical appearance. Most importantly, all three officers testified that J.C. was very distraught and upset when describing what happened.

**{¶22}** Additionally, the conversation between Lee and his mother that was played at trial likely undercut his theory of the case. Though he told Illing that he accidentally touched J.C. with his leg, he told his mother that it was another individual who had inappropriately touched J.C. The video does not show that another individual entered the storeroom while J.C. and Lee were inside of it. The jury was therefore free

to give more weight to the testimony of J.C. and the officers. "Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses." *State v. Johnson*, 1st Dist. Hamilton No. C-170354, 2019-Ohio-3877, ¶ 52.

**{¶23}** Thus, Lee has not demonstrated that the jury lost its way and created a manifest miscarriage of justice. We therefore overrule Lee's second assignment of error.

### *Conclusion*

**{¶24}** For the reasons set forth above, we hold that the trial court properly tried Lee's case to a jury and that his conviction was not against the manifest weight of the evidence. Accordingly, Lee's assignments of error are overruled, and the trial court's judgment is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur**.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.